**THE ESTATE OF BRIAN COLLINS**,
**By DAVE LANG, Special Administrator,**   Case No.21-CV-01438-NJ
  and

**BREON JAESHAUN GORDON-COLLINS (A minor),**
**AJANAE EMANI GORDON-COLLINS (A minor),**
**BRANDON AESHAUN GORDON-COLLINS (A minor), AND**
**CAHRON JAYAIR GORDON-COLLINS (A minor)**
  Plaintiffs,
  v.
**MILWAUKEE COUNTY, C.O. PALMER, LT. ARTUS,**
**C.O. S. JOHNSON, C.O. DERRICK SPIDELL,**
**C.O. TABATHA BLOMBERG, C.O. JEFF ANDRYKOWSKI,**
**WISCONSIN COUNTRY MUTUAL INSURANCE CORPORATION,**
**ARMOR CORRECTIONAL HEALTH SERVICES, INC.,**
**N.P. JACQUELINE ALOMEPE, NURSING SURPERVISOR**
**LYNDA KARASZEWSKI, R.N. LIANA GRAMZA, DR. JONATHON**
**BRODY, EVANSTON INSURANCE COMPANY, and INJURED**
**PATIENTS AND FAMILIES COMPENSATION FUND,**
**DERRICK SPIDELL WISCONSIN HEALTH CARE LIABILITY**
**INSURANCE PLAN, CANDACE DZIEOZIC,**
  Defendants.

**CIVIL L. R. 7(h) EXPEDITED NON-DISPOSITIVE MOTION TO COMPEL
LIANA GRAMZA DEPOSITION AND FOR SANCTIONS
PURSUANT TO F.R.C.P. 37(d)(1)(A)(i)**

Plaintiffs, by their attorneys, Gende Law Office, S.C., respectfully seeks to compel under F.R.C.P. 37(d)(i) Defendant, **LIANA GRAMZA** ("Gramza"), deposition, stating as follows:

## I. FACTS.

On August 29, 2022, summons was issued by the Clerk of Courts for Gramza. (D.62) On September 2, 2022, an affidavit of non-service was returned on Gramza due to her being out of state with current address unknown. (Gende Decl, ¶2, Ex.A) On October 25, 2022, affidavit of service was returned indicating personal service on Gramza. (D.67) On November 11, 2022, Corneille Law Group, LLC, filed a Motion to Dismiss Gramza and for Sanctions without an appearance on her behalf. (D.70&71) On November 16, 2022, Corneille Law Group, LLC, withdrew said motion. (D.72) On February 14, 2023, additional attorneys from Corneille Law Group, LLC, entered appearances on behalf of certain defendants, but not Gramza, as well as providing notice of substitution of counsel. (D.76&78) On February 20, 2023, an attorney from Corneille Law Group, LLC, entered a notice of appearance for certain defendants, as well as Gramza. (D.80) On February 27, 2023, attorneys for Corneille Law Group, LLC, answered plaintiff's amended complaint for certain defendants, as well as Gramza. (D.81)

Shortly thereafter, plaintiff attempted to notice Gramza for deposition. On March 16, 2023, attorneys for Corneille Law Group, LLC, moved to quash plaintiff's notice of deposition. (D.82) Despite two attorneys having entered appearances on Gramza's behalf, they asserted unavailability to proceed with the noticed deposition. (D.83) On March 28, 2023, a stipulation was filed with the Court indicating that Gramza's deposition set for March 28, 2023, was adjourned and would be rescheduled at a later mutually agreed date, while also indicating Corneille Law Group, LLC, intended to withdraw as Gramza's counsel. (D.89) That stipulation sought to amend the scheduling order to the extent certain disclosures would not be due until after Gramza's deposition. *Id.* at ¶¶2-4. Accompanying the stipulation was a motion to amend the scheduling order. (D.90) On May 22,

2023, while Gramza remained represented by attorneys at Corneille Law Group, LLC, her deposition was noticed for June 26, 2023, at 11:00 a.m. (Gende Decl, ¶3, Ex.B) No counsel objected. That same day, attorneys at Corneille Law Group, LLC, filed a motion to withdraw as Gramza's counsel. (D.106) Said attorneys remained counsel of record at the time they received notice of Gramza's deposition. In recognition of the agreed date/time for Gramza's deposition, the County Defendants' counsel sent an email on May 23, 2023, indicating that "Given the notice of deposition for Gramza served yesterday and the pending switch in counsel, and based on the prior stipulation signed off on by Judge Pepper", he attached a stipulation to amend the scheduling order. (Gende Decl, ¶4, Ex.C)

On May 25, 2023, yet another stipulation was provided to the Court regarding amending the scheduling order based on Corneille Law Group, LLC, pending withdrawal and the representation that new counsel would appear on her behalf. (D.107) On May 25, 2023, the Court entered a new scheduling order based on the parties' stipulation, where certain disclosures were not due until after Gramza's deposition. (D.107-1) On June 14, 2023, the Court granted in a TEXT ONLY ORDER that Corneille Law Group, LLC, may withdraw as Gramza's counsel primarily based on their representation that "CLG indicated that the defense of Gramza has been tendered to FirstMed and its insurer and it is expected that substitute counsel will appear to defend Gramza in the near future." Plaintiff did not object to Corneille Law Group, LLC, motion to withdraw based on their representation new counsel would appear shortly on Gramza's behalf.

No attorney has appeared for Gramza and she did not present for her properly noticed deposition. (Gende Decl, ¶5, Ex.E) After that failure to show, plaintiff's counsel sought forwarding information from Corneille Law Group, LLC, regarding Gramza and/or her insurer in an effort to undertake a consultation before filing this motion to compel. (Gende Decl, ¶6, Ex.F)

As of this filing, Corneille Law Group, LLC, has not provided any additional information on how to contact Gramza.

## II. RULE 37(d)(1)(A)(i), FAILURE TO MAKE DISCLOSURES OR TO COOPERATE IN DISCOVERY; SANCTONS.

Under Sub.(d)(1)(A)(i), where a party fails to attend its own deposition after proper notice, then a Court may order sanctions as delineated under 37(b)(2)(A)(i)—(vi), including striking a party's pleadings and/or rendering default against the disobedient party. Here, Gramza's notice of deposition was served on her representative counsel twice. The first time it was continued by agreement of the parties. The second time it was set on a date and time mutually convenient to all the parties without objection. Corneille Law Group, LLC, provided a copy of the notice of deposition to both Gramza and her employer. (Gende Decl, ¶5, Ex.E at page 4-5)

In a similar matter where a party failed to appear for deposition, the court held that "Federal Rule of Civil Procedure 37(d)(1)(A) provides that the court may impose sanctions if a party fails to appear at his deposition. The sanctions available include, among other things, reasonable attorney fees and costs and those sanctions listed in Rule 37(b)(2)(A)(i)-(vi) which include striking pleadings, staying proceedings, and dismissing actions. *See* Fed.R.Civ.P. 37(d)(3). The sanction of dismissal for a discovery abuse is generally reserved for when 'the party's actions display[ ] willfulness, bad faith, or fault and must be 'proportionate to the circumstances.'" Citing, *Collins v. Illinois,* 554 F.3d 693, 696 (7th Cir. 2009); *Rogers v. Halford*, No. 3:13-CV-304-MJR-DGW, 2014 WL 1776017, at *1 (S.D. Ill. Apr. 1, 2014), report and recommendation adopted, No. 13-CV-0304-MJR-DGW, 2014 WL 1775615 (S.D. Ill. May 5, 2014).

In *Rogers*, it was the Plaintiff who failed to appear for his deposition but there was no indication that his failure to appear was the result of willfulness, bad faith, or fault. However, the court concluded that the failure to appear at a deposition does warrant sanctions in light of the

prejudice to Defendant and direction that "the court must require the party failing to act ... to pay the reasonable expenses, including attorneys' fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed.R.Civ.P 37(d)(3).  Plaintiff was given notice of the deposition and did not indicate that the time or date would be inconvenient. Defendant's counsel and a court reporter appeared at the deposition but it was not held because of Plaintiff's failure to appear.  *Id.*

Similarly here, Gramza had notice of the deposition through her representative counsel at the time and nobody objected to the date/time as scheduled.  Even after Corneille Law Group, LLC, withdrew as counsel, it "provided a copy of the Notice of Depo as well as answers, the Notice of Withdrawal being granted by the court to both Ms. Gramza and her employer…"  (Gende Decl, ¶5, Ex.E)   No counsel appeared on behalf of Gramza despite Corneille Law Group, LLC's, representation to the contrary.  Gramza made no attempt to contact plaintiff's counsel to reschedule her properly noticed deposition.   Sanctions are appropriate under the Rule.

When a party moves to compel discovery "[t]he motion must include a certification that the movant has in good faith conferred or attempted to confer with the person failing to make the discovery in an effort to secure the information or material without court action." Fed. R. Civ. P. 37(a)(2)(A).  Here, plaintiffs' counsel sought Gramza and her insurer's contact information though Corneille Law Group, LLC, in an effort to comply with the required certification that there was an attempt in good faith to confer with the Gramza, the person failing to make discovery.  Considering the amended scheduling order delineates expert disclosure dates based on Gramza's deposition being completed by end of June, time is of the essence to resolve this matter.

Dated at Pewaukee, Wisconsin this 28th day of June, 2023.

                                    Respectfully Submitted,

                                    s/ James J. Gende II
                                    James J. Gende II (SBN: 1030921)
                                    GENDE LAW OFFICE, S.C.
                                    N28W2300 Roundy Dr., Ste.
                                    Pewaukee, WI 53072
                                    P: (262) 970-8500
                                    F: (262) 970-7100
                                    jgende@jamesgendelaw.com
                                    Attorney for Plaintiffs