UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

THE ESTATE OF BRIAN COLLINS, *et. al.*,

        Plaintiffs,

v.                                                     Case No. 21-cv-1438-pp

MILWAUKEE COUNTY, *et al.*,

        Defendants.

---

**ORDER DENYING PLAINTIFFS' SECOND MOTION TO AMEND COMPLAINT (DKT. NO. 99)**

---

        The plaintiffs filed a Civil Local Rule 7(h) (E.D. Wis.) expedited motion for leave to file a first amended complaint under Federal Rule of Civil Procedure 15(a). Dkt. No. 99. They seek add as defendants two individuals—Officers Kintop and Martina—who allegedly worked as third shift officers at the Milwaukee County Jail the night before Brian Collins's December 18, 2018 death. Id. at 2 ¶2. The plaintiffs allege that Kintop and Martina were responsible for supervising Brian Collins on third shift and that they "fail[ed] to respond to repeated requests by either [Brian] Collins and/or his cellmate's multiple attempts to alert them to a medical emergency by hitting the emergency call button in the cell over the course of the evening before Brian Collins died." Id. at 3 ¶4. The Milwaukee County defendants (Artus, Bloomberg, Johnson, Milwaukee County, Palmer, Spidell and Wisconsin County Mutual Insurance Corporation) contend that the court should deny the plaintiffs' motion because the statute of limitations bars the plaintiffs' claim against

1

Kintop and Martina and therefore it would be futile to allow the amendment. Dkt. No. 101 at 2-4.

Generally, a party has the right to "amend its pleading once as a matter of course" within twenty-one days after serving it or within twenty-one days of service of a responsive pleading, whichever is later. Federal Rule of Civil Procedure 15(a)(1). "In all other cases," however, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The plaintiffs here need the court's leave to amend because more than twenty-one days have passed since the defendants answered the complaint and the Milwaukee County defendants do not consent to the amendment. The court "should freely give leave when justice so requires." Id. The court has broad discretion to deny leave to amend, however, "such as where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies; where undue prejudice to the defendants would result; or where the amendment would be futile." Thomas v. Dart, 39 F.4th 835, 840 (7th Cir. 2022) (citing Huon v. Denton, 841 F.3d 733, 745 (7th Cir. 2016)).

The plaintiffs contend that justice requires the amendment because they allege that Kintop and Martina ignored multiple calls for emergency assistance over the course of the evening prior to Brian Collins's death and that, under Rule 15(c)(1)(C), the proposed amendment relates back to the December 17, 2021 filing date of the original complaint. Id. at 4 ¶¶6, 8. The plaintiffs state that one month before they filed the original complaint, counsel served an open

records request on Milwaukee County Corporation Counsel to identify the parties potentially responsible for Brian Collins's death and that they received the following information about Kintop and Martina: "Palmer was briefed by third shift officers Kintop and Martina. During the brief the third shift officers advised Palmer to go in and check on cell four or five in which Palmer cannot remember which cell at the time they told him. Third shift correctional officers advised that he was hitting the emergency button but could not hear anything after due to static." Id. at 2 ¶2.

According to the plaintiffs, they didn't know until they deposed defendant Palmer on March 15, 2023 that Martina and Kintop were the officers responsible for supervising Brian Collins on third shift. Id. at 3 ¶4. The plaintiffs state that it "should have been apparent to both Martina and Kintop, as well as their employer the County and its attorneys, that these newly named defendants knew or should have known they would have been sued in addition to the originally named defendants." Id. at 4 ¶8. They assert that the delay in naming the new defendants does not result in harm or prejudice because the parties remain in the discovery phase and the defendants' expert reports are not due for months. Id. The plaintiffs also assert that the information acquired from Palmer at his deposition "points the finger directly at Martina and Kintop as primary defendants in this case, as opposed to periphery players working the night shift before a medical emergency was actually called for Brian Collins in the early morning hours before he died." Id. at 5 ¶9. The plaintiffs assert that although "counsel mistakenly failed to include Kintop and Martina in the

3

original complaint, there was limited information provided by Milwaukee County in response to the 11-17-21 open record request[.]" Id. According to the plaintiffs, the fact that Milwaukee County sat on those records for four weeks, producing them only the day before the statute of limitations expired, added exponentially to the difficulty level of naming all potentially responsible parties in the complaint. Id.

The Milwaukee County defendants respond that the plaintiffs' claims against Kintop and Martina are time-barred and that the proposed amended complaint does not relate back to the filing of the original complaint under Rule 15(c) because the plaintiffs' attempt to add Kintop and Martina does not flow from any mistake of identity. Dkt. No. 101 at 2-3. According to the Milwaukee County defendants, on the face of the original complaint, no one could conclude that a mistake of identity affected plaintiffs' naming of the proper parties because "the original complaint makes the very same assertion regarding intercom calls *allegedly* going unanswered the night before Collins' death that plaintiffs now rely on to justify the proposed amendment[ ](*Compare* Complaint, ¶ 35, to Third Motion, ¶¶ 2 & 4[])[, y]et, both the original complaint and the summary investigation report attached to the complaint make clear that the officers actually named by plaintiffs (Artus, Andrykowski, Palmer, Johnson, Spidell, and Blomberg) were *not* the officers on duty the night before Collins' death and *alleged* to have ignored calls via the intercom button that night and that they were instead being sued for *other* alleged misconduct [] (Complaint, ¶¶15-20; Id., Ex. A at 3-4)." Dkt. No. 101 at 3.

4

The statute of limitation for cases brought under §1983 is "the statute of limitations for personal injuries supplied by the state in which the claim arose." Huber v. Anderson, 909 F.3d 201, 207 (7th Cir. 2018) (citing Wallace v. Kato, 549 U.S. 384, 387 (2007)). The limitation period for §1983 cases arising in Wisconsin for causes of action accruing on or after April 5, 2018 is the three-year limitation provision in Wis. Stat. §893.54 (2018). Although untimeliness is an affirmative defense, the plaintiff may plead himself out of court "if he pleads facts that show that his suit is time-barred." Tregenza v. Great Am. Commc'ns Co., 12 F.3d 717, 718 (7th Cir. 1993). The plaintiffs' §1983 claim against Kintop and Martina accrued on December 18, 2018, which is the day Brian Collins died; the plaintiffs therefore had until December 18, 2021 to bring suit against the proposed defendants. The statute of limitations bars the plaintiffs' April 10, 2023 claim against Kintop and Martina unless the amendment relates back to the December 17, 2021 filing of the original complaint.

Federal Rule of Civil Procedure 15(c)(1) states in relevant part that an amendment to a pleading relates back to the date of the original pleading when:

> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and

5

> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1).

The plaintiffs say they mistakenly failed to include Kintop and Martina in the original complaint because they had limited information about Kintop's and Martina's involvement in the conduct giving rise to the plaintiffs' claims. They contend that Krupski v. Costa Crociere S.p.A., 560 U.S. 538 (2010) changed the standard for deciding whether an amended complaint relates back to the date of the filing of the original complaint. Dkt. No. 99 at 4 ¶7. According to the plaintiffs, under Krupski, the only two inquiries the court may make are (1) whether the defendants sought to be added by the amendment knew or should have known that, had it not been for a mistake, the plaintiff would have sued them instead of or in addition to suing the named defendant and (2) whether the delay in the plaintiffs' discovering their mistake impaired the new defendants' ability to defend themselves. Id. (citing Krupski, 560 U.S. at 560).

In Krupski, the Supreme Court examined whether Rule 15(c)(1)(C) allowed amended pleadings to relate back when the plaintiff mistakenly sued a subsidiary, only to realize later that she meant to sue its parent corporation. Herrera v. Cleveland, 8 F.4th 493, 497-98 (7th Cir. 2021) (citing Krupski, 560 U.S. at 543-44). The Court determined that the plaintiff made a "mistake" that allowed her pleadings to relate back and explained that whether an amended pleading relates back depends on "what the prospective defendant knew or should have known" and "not what the plaintiff knew or should have known at

6

the time of filing her original complaint." Krupski, 560 U.S. at 541, 548 (holding that "relation back under Rule 15(c)(1)(C) depends on what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading"). "The only question under Rule 15(c)(1)(C)(ii), then, is whether party A knew or should have known that, absent some mistake, the action would have been brought against him." Id. at 549.

The rule can allow relation back when a plaintiff makes a deliberate but mistaken choice not to name a defendant; "a plaintiff might know that the prospective defendant exists but nonetheless harbor a misunderstanding about his status or role in the events giving rise to the claim at issue, and she may mistakenly choose to sue a different defendant based on that misimpression. That kind of deliberate but mistaken choice does not foreclose a finding that Rule 15(c)(1)(C)(ii) has been satisfied." Id. That is because the purpose of the relation-back doctrine is "to balance the interests of the defendant protected by the statute of limitations with the preference expressed in the Federal Rules of Civil Procedure in general, and Rule 15 in particular, for resolving disputes on their merits." Id. at 550. The Krupski Court explained that a prospective defendant who "legitimately believed that the limitations period had passed without any attempt to sue him has a strong interested in repose." Id. On the other hand, "repose would be a windfall for a prospective defendant who understood, or who should have understood, that he escaped suit during the

limitations period only because the plaintiff misunderstood a crucial fact about his identity." Id.

The plaintiffs have not demonstrated that relation back under Rule 15(c)(1)(C)(ii) is appropriate, because they have not alleged that their failure to name Kintop and Martina as defendants in the original complaint was due to a mistake concerning their identities. As noted by the defendants, the plaintiffs did not sue *any* defendants for the conduct they now attribute to Kintop and Martina. The plaintiffs admit that they were aware that there were third-shift officers who were responsible for supervising Brian Collins on that shift; they assert only that at Palmer's deposition, he revealed *which* third-shift officers were responsible. Dkt. No. 99 at ¶4. The original complaint could have alleged causes of action against the officers who supervised Collins; they did not. The plaintiffs' did not put Kintop and Martina on notice that they would have been sued but for the plaintiffs' mistake about their identities; the original complaint did not put *anyone* on notice that the plaintiffs intended to sue the third-shift corrections officers who supervised Collins. See Krupski, 560 U.S. at 552-53 (distinguishing case that did not arise under Rule 15(c)'s "mistake clause" where there was nothing in the original pleading suggesting that prospective defendant was intended party)

Here, it appears that the plaintiffs knew that there were third-shift officers. They knew that there were calls that allegedly went unanswered during that shift. They knew that the defendants they had named were not those third-shift officers. Yet the original complaint made no claims against the

8

third-shift officers who supervised Collins that evening. This is not a situation in which the original complaint named an officer whom the plaintiffs mistakenly believed was the third-shift supervisor who allegedly did not respond to calls, only to learn after the fact that they'd named the wrong officer. That is the kind of "mistake" envisioned by the rule—one in which Officer A knows that she was the third-shift officer who supervised Collins, sees that the complaint mistakenly references Officer D, but sits on that mistake until the limitation period runs out. That would be the "windfall" that the Krupski Court described. Kintop and Martina had no reason to believe that the plaintiffs meant to sue the third-shift officers who supervised Collins but simply got the names wrong. They had no reason to believe that the plaintiffs intended to sue them until the plaintiffs file their motion to amend *after* the expiration of the limitation period.

The plaintiffs' proposed amendment does not relate back to the filing of the original complaint, which means that the plaintiffs' proposed claims against Kintop and Martina are time-barred. It would be futile to allow the amendment and the court will deny the plaintiffs' motion .

The court **DENIES** the plaintiffs' second motion to amend complaint. Dkt. No. 99.

Dated in Milwaukee, Wisconsin this 29th day of June, 2023.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**